IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TAMMY LASTER                                                                                               PLAINTIFF

V.                                                 4:20CV00042 JM

JOHN FELTS, Chairman of the Arkansas
Parole Board; ASA HUTCHINSON, Governor
of Arkansas; LATOYA GILES, Parole Officer;
JIM CHEEKS, Area Manager                                                                        DEFENDANTS

## ORDER

Plaintiff is an Arkansas probationer proceeding without an attorney. She is seeking to proceed *in forma pauperis* in her suit challenging a condition of her parole imposed by the Arkansas Parole Board that prevents her from using marijuana even though she has been issued an Arkansas Medical Marijuana Card. She has named the Chairman of the Arkansas Parole Board, John Felts; Governor Asa Hutchinson; her parole officer, LaToya Giles; and her parole officer's supervisor, Jim Cheeks, as defendants. Because Plaintiff makes the showing required by 28 U.S.C. § 1915(a), her motion for leave to proceed *in forma pauperis* (Doc. No. 1) is GRANTED. Her complaint, however, is dismissed pursuant to 28 U.S.C. §1915(e)(2), which requires courts to screen *in forma pauperis* complaints and to dismiss claims that are legally frivolous or malicious, that fail to state a claim for relief, or that seek money from a defendant who is immune from paying damages before the defendants are served.

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations

omitted).   Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff's complaint and the attachments set forth the following.   On October 2, 2019, Plaintiff signed an acknowledgment of the State's Medical Marijuana Procedure stating "To all Probationers: Conditions of Supervision prohibit the use of marijuana as it is still a violation of Federal Law. If you obtain an Arkansas Medical Marijuana Card, YOU MUST request permission through your supervising officer BEFORE you can use medical marijuana.   Please see your probation officer for assistance."   On October 25, 2019, Plaintiff was issued an Arkansas Medical Marijuana Identification Card.   On November 4, 2019, Plaintiff received a letter from Chairman Felts notifying her that the Arkansas Parole Board forbids the use of marijuana by a parolee, including medicinal, as it is a violation of federal law and therefore a violation of a condition of her parole that she adhere to all state and federal laws.

Because she has been forbidden to use marijuana even though she has an Arkansas medical marijuana card, Plaintiff challenges the conditions of her parole as being violative of her religious and human rights.   In addition, Plaintiff has sued her parole officer, Latoya Giles, and her supervisor, Jim Cheeks, for allegedly coercing her to sign waiver forms and trying to "unlawfully hold/detain her against her will because she opted not to give her signature/consent to waive her rights to any revocation hearings."   She is seeking injunctive relief plus compensatory and punitive damages in the amount of $1,000,000 for her physical, mental and emotion trauma she alleges she sustained.

The Arkansas Parole Board is tasked with establishing "written policies and procedures governing the supervision of parolees designed to enhance public safety and to assist the parolees

in reintegrating into society." Ark. Code Ann. § 16-93-702.   Those polices require every parolee to abide by certain conditions of release." *United States v. Alston*, 626 F.3d 397, 401 fn.5 (8th Cir. 2010).   Therefore, to be eligible for parole, Plaintiff was required to agree to abide by the conditions of release.   She alleges that she was coerced into signing the acceptance of the conditions or else she would have been "unlawfully detained or held against her will."   However, such a detainment would not have been unlawful.   If she did not agree, she could have "declined to accept the conditions set" and elect to serve out her full sentence if she found the conditions set by the Board to be "too onerous."   *Dougan v. Ford*, No. 04-623, 2005 WL 2387576, 2 (Ark. Sept. 29, 2005) (unpub.).   Plaintiff has failed to state facts that entitle her to relief.

Furthermore, to the extent Plaintiff seeks money damages from any of the defendants in their official capacities, such claims are barred by sovereign immunity.   *Green v. Burl*, 799 F. App'x 945 (8th Cir. 2020).

THEREFORE, Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2).   The Clerk is directed to close the case.

IT IS SO ORDERED this 14th day of May, 2020.

                                                                                  James M. Moody Jr.
                                                                                   United States District Judge